IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-571-BO

FRANCIS KEISTER,                      )
                                      )
                Plaintiff.            )
v.                                    )
                                      )          O R D E R
WAKE COUNTY DISTRICT                  )
ATTORNEY'S OFFICE. ET AL.,            )
                                      )
                Defendant.            )

This matter is before the Court on the Memorandum and Recommendation (M&R) of United States Magistrate Judge Robert T. Numbers, II. [DE 19]. On February 22, 2024, Judge Numbers issued an M&R recommending that plaintiff's complaint be dismissed without prejudice. [DE 19]. Following three extension requests, plaintiff filed a general objection to the M&R on May 28, 2024. [DE 26]. The matter is now ripe for ruling.

"The Federal Magistrates Act requires a district court to make a *de novo* determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (cleaned up) (emphasis omitted); *see also* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."). From this axiom, however, springs the corollary that not every objection warrants *de novo* review. Indeed, "[t]o trigger *de novo* review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true grounds for the objection.'" *Elijah v. Dunbar*, 66

F.4th 454, 460 (4th Cir. 2023) (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). In cases where a litigant raises general objections, "the district court reviews the magistrate's recommendation for clear error only." *Id.* However, when determining whether an objection is either specific or general, courts must remain "mindful of [their] responsibility to construe *pro se* filing liberally." *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

In the instant case, plaintiff filed a single, general objection to the entire M&R. [DE 26]. And even when construed liberally, plaintiff's sole, general objection lacks the specificity required to trigger *de novo* review. [DE 26]. *See Martin*, 858 F.3d at 245. As a result, the Court will review the magistrate judge's M&R for clear error. *Elijah*, 66 F.4th at 460. Having considered both the magistrate judge's M&R and the record in the instant matter, the Court finds no clear error on the face of the record. [DE 1, 19, 26]. As such, the Court adopts the M&R's conclusion that plaintiff's federal claims be dismissed. [DE 19]. The Court also adopts the M&R's conclusion that plaintiff's state law claims be dismissed for failure to plead a claim in accordance with Rule 8(a)(2). [DE 19]. *See* Fed. R. Civ. P. R. 8(a)(2).

In conclusion, the Court ORDERS that the magistrate judge's M&R [DE 19] is ADOPTED, and plaintiff's complaint [DE 1] is DISMISSED without prejudice. The Clerk is DIRECTED to enter judgment and close this case.

SO ORDERED, this **2 7** day of July 2024.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE